38 F.3d 610
 309 U.S.App.D.C. 35
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Nennon SHORT, Appellant.
UNITED STATES of America, Appellee,
v.
Carroll Ricardo JACKSON, Appellant.
 Nos. 92-3076, 92-3082.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 5, 1994.
 
 Before: WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These consolidated cases were considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated herein, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that appellants' convictions are affirmed. Appellants were arrested while in immediate flight from an arrest based on probable cause. The arresting officers were thus justified in entering the premises at 1859 Franklin Street pursuant to the "hot pursuit" exception to the Fourth Amendment's warrant requirement. See United States v. Santana, 427 U.S. 38, 43 (1976). The evidence establishing appellants' guilt was sufficient to support their respective convictions. As for Jackson's distribution conviction, a reasonable juror could infer from Jackson's presence and activity at the undercover buy that he was a willing participant in the sale. As for appellants' possession with intent to distribute convictions, the evidence linking the sale to the cache of drugs found in Karen Short's bedroom was sufficient to establish that appellants had constructive possession over the cache. See United States v. Dunn, 846 F.2d 761, 763-64 (D.C.Cir.1989) ("[P]resence, proximity or association may establish a prima facie case of drug possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part.") Finally, the ready accessibility and proximity of the firearm and loaded magazine clips found on the premises are sufficient to support an inference that Jackson used a firearm during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). See United States v. Bailey, No. 90-3119, et al., slip op. (D.C.Cir. October 4, 1994).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).